UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00206-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| LESLIE M. KOTLER, | (ECF No. 28) |
| Defendant. | |

Defendant Leslie Kotler has moved to file his Sentencing Memorandum under seal. ECF No. 28. The Government filed its Sentencing Memorandum and Motion for Downward Departure under seal without requesting permission. ECF Nos. 27, 29.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79; *see also United States v. Big Leggins*, 375 Fed. Appx. 692 (9th Cir. 2010) (applying the *Kamakana* compelling reasons standard to a psychosexual report submitted by the defendant for consideration at sentencing). Among the compelling reasons which may justify sealing a record are when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. However, avoiding a litigant's embarrassment or incrimination will not, without more, compel the court to seal its records. *Id.*

The Government filed both of its papers under seal. Kotler's motion seeks to seal his Sentencing Memorandum in its entirety, saying that it "contains sensitive and confidential information regarding the extent of Kotler's cooperation with the government, [and because] when Kotler last appeared in court, several confidential details of his case were published in a local newspaper article shortly after his appearance in court." ECF No. 28 at 2:24-26. If those details have already been published in the newspaper, then they are no longer confidential and worthy of sealing. To the extent Kotler contends that additional, non-public information should be kept under seal, he has not explained what that information is and why it should be sealed. Nor has the Government explained why its papers must be maintained under seal. Only those portions of the filed papers that contain specific reference to confidential information, and the exhibits that contain such confidential information, may be filed under seal. Presumably, portions of the papers are not confidential. Thus, the memoranda and motion for departure could be filed unsealed, with confidential portions redacted. That is the preferred method under *Kamakana*.

In order to allow this matter to proceed without undue delay, I will allow the Government's papers to remain under seal temporarily. I also will allow Kotler to temporarily file his Sentencing Memorandum under seal and provide a copy of that Memorandum to the Government's attorney so the Government can prepare for sentencing. In the meantime, both parties shall file briefs explaining what information should be kept under seal and why. The supplemental briefs are due within 10 days of entry of this Order.

IT IS THEREFORE ORDERED that Kotler may temporarily file his Sentencing Memorandum under seal and provide a copy of that Memorandum to the Government's attorney.

IT IS FURTHER ORDERED that by June 20, 2016, Kotler and the Government shall file briefs explaining what information should be kept under seal and why. If the briefs are not filed by that date, the respective papers will be unsealed.

DATED this 10th day of June, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE